Travis DICKSON, Appellant,

v.

J. WEINGARTEN, INC., Appellee.

No. 817.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 18, 1973.

Rehearing Denied Sept. 5, 1973.

Terry P. Ayre, Brown & Teed, Houston, for appellant.

Mark S. Richards, E. A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

CURTISS BROWN, Justice.

The principles governing liability of occupiers of premises to their business guests for on the premises injuries are well settled. Such occupier is charged with the duty of establishing and maintaining the premises in a reasonably safe condition. He has the additional duty to warn of any danger of which he is aware or should be aware. He is, however, not an insurer. Liability may not be imposed by the mere fact that one is injured. When complaining of transitory conditions (such as substances on the floor) the burden is on the plaintiff to offer evidence, circumstantial or direct, that such occupier or his employee placed the substance on the floor or that it had been there sufficiently long that he either knew or should have known of its presence. This is a "slip and fall" case governed largely by these principles.

After a trial on the merits the jury found: (1) that Travis Dickson fell in the store on September 27, 1968; (2) that J. Weingarten, Inc. created a dangerous condition on its premises by putting water on its floor; (3) that J. Weingarten, Inc. failed to correct such dangerous condition; (4) failed to find that such failure to correct was negligence; (5) failed to answer a proximate cause issue which plaintiff had predicated on the preceding negligence issue which was answered negatively; (6) that J. Weingarten, Inc. maintained a dangerous condition on its premises by having water on the floor; (7) that J. Weingarten, Inc. knew of such dangerous condition; (8) that J. Weingarten, Inc. should have known of such dangerous condition;[1] (9) that J. Weingarten, Inc. failed to correct such dangerous condition; (10) failed to find that such failure to correct such dangerous condition was negligence; (11) made no answer to a proximate cause issue because it was predicated by the plaintiff on the preceding negligence issue which was answered negatively; (12) failed to find that the failure of J. Weingarten, Inc. to know of the dangerous condition was negligence;[2] (13) made no finding on a proximate cause issue based on such failure because it was predicated by the plaintiff on the preceding negligence issue which was answered negatively; (14) failed to find that Travis Dickson failed to keep a proper lookout; (15) made no finding to a proximate cause issue based on lookout because defendant had predicated such issue on an affirmative answer to the preceding proper lookout issue which was answered negatively; (16) $33,750 general damages; and (17) $5,700 medical expenses.

After filing of plaintiff's motion to disregard findings of special issues and motion for judgment non obstante veredicto the trial court entered judgment for the defendant.

The appellant (also referred to herein as Dickson or plaintiff) has perfected this appeal and raised his points of error contending: (1) that the trial court erred in not granting a new trial or declaring a mistrial when, because of a disqualification, only eleven jurors were able to enter into deliberations on the verdict; (2) that the trial court erred in refusing to grant a new trial because the answers of the jury to special issues 4, 5, 10, 11 and 12 were against the great weight and overwhelming preponderance of the evidence; (3) that the trial court should have granted plaintiff's motion for judgment non obstante veredicto because the jury's answers to issues number 4, 10 and 12 were not supported by any evidence; (4) that the trial court erred in overruling plaintiff's motion for judgment non obstante veredicto; and (5) that the court erred in failing to grant a mistrial based upon claimed conflicting answers to certain special issues.

Having considered all of these points we have reached the conclusion that they are without merit and the judgment of the trial court should be affirmed.

During the course of the trial, appellee (also referred to herein as Weingarten or defendant), through counsel, called the attention of the court to the fact that one of the jurors was then under indictment on a felony charge. When the court discharged this juror the defendant made a motion for a mistrial. This motion was opposed by the plaintiff and he urged the court to continue the trial with eleven jurors. The trial court was thus, over the objection of the defendant, induced and persuaded by plaintiff to continue the trial. Plaintiff, having lost the case, now says that the action that he had procured from the trial court was error.

■ The parties may by consent agree to continue to try a case with less than twelve jurors. Vernon's Ann. Tex.Rev.Civ.

---

1. Should not have been answered because issue was predicated on "We do not" answer to (7).

2. Apparent inconsistency between finding (7) and this failure to find resulted from improper answering of above mentioned predicated issue.

Stat.Ann. art. 2191 (1964). See Vernon's Ann.Tex.Const. art. V, sec. 13. Regardless of consent of the parties, should one or more jurors "die, or be disabled from sitting" during the trial, the court may direct that the cause continue. 3 R. McDonald, Texas Civil Practice, sec. 11.14 (1970). The trial court has discretion with respect to determining such disability. However, such discretion largely lies in the area of determining whether illness, mental disability, misconduct, drunkenness or other fact constitutes being "disabled from sitting." See McDonald, supra. By urging the court to continue the trial, plaintiff lacks appellate posture to attack such action in this Court. He not only waived his right to complain by failing to object,[3] but expressly consented and acquiesced in the action. A party may not secure a reversal for a claimed error that he invited. 4 Tex.Jur.2d Appeal and Error—Civil, secs. 764, 765 and 766 (1959); Yaeger v. Long Bros. Drilling Co., 147 S.W.2d 276 (Tex.Civ.App.-San Antonio 1941, writ ref'd; Keels v. First Nat. Bank of Groveton, 71 S.W.2d 372 (Tex.Civ.App.-Galveston 1934, no writ); Reynolds v. Mc-Man Oil & Gas Co., 11 S.W.2d 778, 785 (Tex.Com.App.1928, holding approved).

■ By his second point plaintiff attempts to raise the contention that the answers of the jury to issues 4, 5, 10, 11 and 12 were against the great weight and overwhelming preponderance of the evidence. He made no assignment in his motion for new trial properly raising such "sufficiency" points. Having failed to file a motion for new trial raising such points he has not laid an appropriate predicate for appellate review on such ground. Smith v. Texas Pipeline Company, 455 S.W.2d 346, 351 (Tex.Civ.App.-Corpus Christi 1970, writ ref'd n.r.e.); Shelton v. Ector, 364 S.W.2d 425 (Tex.Civ.App.-Dallas 1963, no writ).

The main thrust of plaintiff's appeal is presented by his points 3 and 4 which urge that the answer of the jury to issues number 4, 10 and 12 were not supported by any evidence and that the trial court erred in overruling plaintiff's motion for judgment non obstante veredicto. In plaintiff's view the jury's findings that defendant created and failed to correct a "dangerous condition" on its premises constituted negligence and proximate causation as a matter of law. He claims his position is further fortified by the finding that the defendant knew or should have known of such dangerous condition. Plaintiff contends that under these findings negligence existed as a matter of law and that proximate causation was not a question of fact but that he had established same as a matter of law.

■ It should be noted that the trial court did not define "dangerous condition." Therefore, the finding of the existence of a "dangerous condition" did not, under the court's charge as submitted, include the elements of "ordinary care" (a degree of care which would have been used by persons of ordinary prudence under the same or similar circumstances) or "negligence" (failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances). In no fashion did the court submit "negligence" except in the issues answered against Dickson.

■ As a factual background to this controversy it should be observed that plaintiff, along with his wife and a friend, entered the store in question shortly after opening. After a brief shopping period the plaintiff who was pushing a shopping cart slipped and fell in the aisle in the produce department. The floor had a terrazzo appearance. After regaining a bit of his composure plaintiff felt water on his clothes and saw water on the floor. The configuration and amount of water, as to be expected, was the subject of some difference of opinion. There were some lettuce or celery leaves or vegetables in the

---

3. Waller v. Summers, 299 S.W.2d 752, 758 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.).

area of the fall along with a few grapes. Plaintiff placed an employee of defendant in the vicinity with a view of the scene. Plaintiff also elicited evidence concerning the use of water and ice in the preparation of the vegetables for sale as well as considerable testimony concerning the porter's practices in mopping and buffing the area. Plaintiff made a submissible case considering the relatively short period of time between the porter's operations and plaintiff's entry onto the premises and the placement of defendant's employee in the area in a position to see the material on the floor.

■ Despite the fact that he made a case to go to the jury plaintiff failed to discharge his burden of procuring findings that the conduct of the defendant or its employees was negligent or that such negligence was a proximate cause of the occurrence made the basis of his suit. The jury's failure to find affirmatively on a special issue merely means that the party proponent failed to meet his burden of proving the fact and evidence is not required to support a negative answer. Prunty v. Post Oak Bank, 493 S.W.2d 645 (Tex.Civ.App.-Houston (14th Dist.) 1973, writ filed). While the jury might properly have found negligence in answer to special issues number 4, 10 and 12, they were not compelled to do so by the undisputed evidence. See Prunty v. Post Oak Bank, supra. Issues of fact were presented for the jury to determine whether the conduct of appellee and its employees constituted negligence under the circumstances. Rogers v. Collier, 223 S.W.2d 560 (Tex.Civ.App.-San Antonio 1949, writ ref'd); Safeway Stores, Incorporated v. Bozeman, 394 S. W.2d 532 (Tex.Civ.App.-Tyler 1965, writ ref'd n. r. e.).

■ The question of proximate cause is normally an issue of fact for the jury. Lovell v. Stanford, 386 S.W.2d 755 (Tex.Sup.1965). Certainly under the circumstances of this case a fact issue was presented. Dickson failed to procure a jury finding in his favor on any issue of proximate causation. He predicated his proximate cause issues on affirmative answers to the negligence issues. By presenting the issues containing such predication, or at least, failing to object to the conditional submission of the proximate cause issues, Dickson waived his right to have such issues answered by the jury. Under the provisions of Rule 279, Tex.R. Civ.P., such issues must be deemed found by the court in such manner as to support the judgment. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 989 (1949); Strauss v. LaMark, 366 S.W. 2d 555, 557 (Tex.Sup.1963); Bay Petroleum Corporation v. Crumpler, 372 S.W.2d 318, 320 (Tex.Sup.1963); Williams v. Bailey, 471 S.W.2d 446, 448 (Tex.Civ.App.-Waco 1971, writ ref'd n.r.e.).

■ Lastly, appellant contends that there was a "conflict" between the jury's answers to special issues 4 and 10 and the "other issues in the case." Special issue number 4 constituted a *failure* to find that Weingarten's failure to correct such "dangerous condition" was negligence. Special issue number 10 constituted a *failure* to find Weingarten was guilty of negligence in failing to correct "such dangerous condition." The negative findings to these special issues were not in conflict with "all the other issues in the case." The burden of proof on issues 4 and 10 was on appellant. The rule favoring reconciliation of such claimed conflicts can be met in this case since the answers to 4 and 10 can be construed as a failure of Dickson to discharge his burden of proof. Union Carbide Corporation v. Gayton, 486 S.W.2d 865 (Tex.Civ.App.-Houston (14th Dist.) 1972, writ ref'd n.r.e.).

■ Certainly there is no *material* conflict under the rule enunciated by the Supreme Court in Little Rock Furniture Mfg. Co. v. Dunn, supra, at 991. Under such test it is necessary in order to constitute a material conflict that one set of the answers require a judgment in favor of the

one party and the other set of answers require a judgment in favor of the other. There are no such answers presented that would authorize judgment for plaintiff under this verdict and hence no material conflict.

The judgment of the trial court is affirmed.