Harold W. WALKER, Appellant,

v.

Juanette WALKER, Appellee.

No. 1397.

Court of Civil Appeals of Texas, Tyler.

May 14, 1981.

Rehearing Denied July 30, 1981.

Billy D. Hullum, Wills Point, Richard Ray, Canton, for appellant.

Kiel Boone, Dallas, Robert F. Bartlett, Canton, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment accelerating at a discounted value certain future monthly installments awarded appellee in a prior divorce decree.

On June 4, 1975, in Cause No. 74–55, the court rendered a decree of divorce between appellant Harold W. Walker and appellee herein; among other property awarded to appellee was an award of the sum of one thousand dollars per month, to be paid to appellee by appellant Walker beginning April 21, 1975, and continuing for a period of one hundred (100) months.

Appellee, the former wife, brought this suit against appellant, her former husband, and his present wife, seeking to recover all matured and unpaid installments beginning June 21, 1978, to date of hearing. She also sought to recover the discounted value of all remaining unmatured installments, alleging that such installments should be accelerated because of appellant's repudiation of his obligation to pay the same.

Appellant Walker and his wife filed an answer with special exceptions, a cross-action and a plea in abatement. On February 22, 1980, the court overruled the special exceptions and plea in abatement and, after a non-jury trial on that date, rendered a judgment in favor of appellee, providing in pertinent part as follows:

(1) That appellant Walker is indebted to appellee in the amount of $22,057.82 (representing the matured and unpaid installments beginning June 21, 1978 to date in the amount of $21,000.00 plus six percent interest from that date).

(2) That the remaining unmatured installments should be accelerated and the appellee given judgment for the additional sum of $37,104.79 (representing the discounted value of the remaining unmatured installments).

(3) That appellant Walker is entitled to offsets and credits in the total amount of $11,660.00; that all other recovery prayed for by him be denied.

(4) That by reason of the foregoing, the court ordered as follows:

IT IS THEREFORE ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff, JUANETTE WALKER, do have and recover from the Defendant, HAROLD W. WALKER, the sum of FORTY–SEVEN THOUSAND, FIVE HUNDRED TWO AND 61/100 ($47,502.61) DOLLARS, with interest thereon from the date of judgment at the rate of nine (9) per cent per annum, and that all costs herein be taxed against the Defendant, HAROLD W. WALKER, for which let execution issue.

From this adverse judgment appellant Walker has appealed, predicating his appeal upon two points of error.

We reverse in part; judgment modified, and as modified, affirmed.

In his first point of error appellant asserts that the trial court erred in refusing appellant a trial by jury. He contends that since a jury fee had been timely paid, the court erred in trying the case without a jury. We find no merit in this contention. A litigant must take affirmative action to avoid a waiver of his right to jury trial.

Rule 216[1] requires that a *demand for jury* be made *and the fee paid* "on or before appearance day or, if thereafter, a *reasonable time before the date set for trial* of the cause on the non-jury docket, but not less than 10 days in advance." (Emphasis added.) The record reflects the following: appearance day for appellant Walker was Monday, October 22, 1979; the case was set for non-jury trial on February 22, 1980 (*no jury being available on that date*); and Mr. Walker did not deposit the jury fee with the district clerk until February 11, 1980. No notice of this deposit was given to appellee's counsel. A demand for jury made ten days in advance is not necessarily timely as a matter of law. *Texas Oil & Gas Corporation v. Vela*, 429 S.W.2d 866, 876–77 (Tex. 1968); *Young v. Young*, 589 S.W.2d 520, 521 (Tex.Civ.App.—Austin 1979, writ dism'd). Moreover, in the case at bar, the record does not reflect that *any demand* was made by appellant Walker for a jury trial. The deposit of the jury fee with the district clerk did not constitute a demand for a jury. Rule 216; 3 R. McDonald, Texas Civil Practice § 11.03.1 (rev. 1970). We therefore hold that appellant waived his right to a jury trial.

■ Furthermore, even if we assume that timely demand and fee deposit were made in compliance with Rule 216, appellant has still waived his right. When the case was called for trial, appellant's only request was that the preliminary matters (his plea in abatement and special exceptions) ". . . be considered prior to getting into the merits. . . ." After the court ruled upon these matters, the record is devoid of any request for a jury or any objection to the court proceeding to trial of the case on its merits. Where, as here, appellant comes into court and enters upon a hearing before the court without objection and calls upon the court to decide an issue of fact, he waives his right to a jury by entering upon the hearing without complaint. After the court rules adversely to his position, appellant will not be heard to complain that he

was entitled to have a jury decide the fact question rather than the court. *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553, 554 (Tex. Civ.App.—San Antonio 1952, writ ref'd n. r. e.); *Richardson v. Raby*, 376 S.W.2d 422, 425 (Tex.Civ.App.—Tyler 1964, no writ). Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in reconstructing the judgment of Cause No. 74–55 by granting acceleration of future payments. Appellant contends that the 1975 divorce decree which awarded appellee, as a part of the property partition, the one hundred monthly installments of $1,000.00, each payable as set forth therein, was res judicata of any relitigation of such matters in this cause. We agree.

■ It is undisputed that the 1975 divorce decree became final in July 1975 and that no appeal was taken from the decree which was signed June 4, 1975. Appellee's attempt to relitigate the property partition ordered in the divorce judgment by accelerating the unmatured installments to a discounted amount and obtaining judgment therefor ahead of the payment schedule set forth in the divorce decree is foreclosed by the finality of the judgment in the former case. Additionally, such decree, not being void on its face, was not subject to collateral attack. *Day v. Day*, 603 S.W.2d 213, 215 (Tex.1980); *Faglie v. Williams*, 569 S.W.2d 557, 563 (Tex.Civ.App.—Austin 1978, writ ref'd n. r. e.); *Marks v. Marks*, 470 S.W.2d 83, 86 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.); *White v. White*, 380 S.W.2d 672, 678 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.).

Appellee contends that appellant, by his failure in the past to pay installments as they became due, repudiated his obligation to make such payments as provided in the divorce decree and that, under the law of anticipatory breach of contract, the court properly matured the remaining installments. In this connection, appellee cited several cases[2] involving actions for antici-

---

1. All references to rules are to Texas Rules of Civil Procedure unless noted otherwise.

2. *Look v. Werlin*, 590 S.W.2d 526 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ) [com-

patory breach of contract by repudiation in which the court allowed a recovery of present discounted value of unaccrued future payments. In *Chavez v. Chavez*, 577 S.W.2d 306 (Tex.Civ.App.—El Paso 1979, writ ref'd n. r. e.), a case relied upon by appellee, the court held that a former husband, in failing to pay monthly installments to his former spouse on "a contract in the nature of a property settlement agreement in their divorce action," repudiated the contract, thus entitling the ex-wife to recover the present value of future payments.

The case at bar is not a contract case, and thus *Chavez* and the other cases cited by appellee are not applicable, and can be distinguished from the instant case where the obligation to pay monthly installments is court ordered in the 1975 divorce decree and not founded upon any contractual agreement. Appellant's second point of error is sustained.

We accordingly reverse that part of the trial court's judgment which accelerated the remaining unmatured installments and allowed appellee to recover the additional sum of $37,104.79 as the discounted value of such installments. Furthermore, to reflect this action, the sum of $37,104.79 is deducted from appellee's recovery and the trial court's judgment is modified to provide that the plaintiff, Juanette Walker, recover from the defendant, Harold W. Walker, the sum of $10,397.82, with interest thereon from the date of judgment at the rate of nine (9) percent per annum.[3]

 Since we have affirmed the judgment in part and reversed in part, we tax the costs on appeal and in the court below equally against the parties. Rule 448; *Lone Star Life Ins. Co. v. Griffin, supra* at 582; *Combined American Ins. Co. v. City of Hillsboro*, 421 S.W.2d 488, 491 (Tex.Civ.App. —Waco 1967, writ ref'd n. r. e.).

mercial lease contract]; *Republic Bankers Life Ins. Co. v. Jaeger*, 551 S.W.2d 30 (Tex.1976) [insurance policy contract]; *Lone Star Life Ins. Co. v. Griffin*, 574 S.W.2d 576 (Tex.Civ.App.— Beaumont 1978, writ ref'd n. r. e.) [insurance policy contract].

As so modified, the trial court's judgment is affirmed.

McKAY, J., not participating.

3. This ruling is made without prejudice to future actions which may be brought by appellee from the recovery of matured and unpaid installments.