Tom THOMAS, Appellant,

v.

The CITY OF O'DONNELL,
Texas, Appellee.

No. 07–89–0294–CV.

Court of Appeals of Texas,
Amarillo.

June 27, 1991.

---

Curry, Curry & Robinson, P.C., Charles B. Frye, Lubbock, for appellant.

Thompson, Thomas & Killion, James L. Killion, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

The question presented in this appeal is whether a party in a district court may be compelled to try his case before a jury initially comprising fewer than twelve persons. Concluding that he may not, we reverse and remand.

By five points of error, appellant Tom Thomas contends the trial court erred (1) by failing to call additional veniremen after the parties' challenges reduced the venire to fewer than twenty-four; (2) in overruling his motion to call additional jurors in accordance with Rule 235;[1] (3) in overruling his motion for mistrial based on an inadequate number of jurors; (4) in impaneling, over objection, a jury of fewer than twelve; and (5) in rendering a judgment based on a verdict from a jury of fewer than twelve persons. We agree.

Thomas sued appellee, the City of O'Donnell ("the City"), for damages arising out of the destruction of improvements, vegetation and personalty on his real property. On the day set for trial, a jury venire of twenty-five was in the courtroom. Three prospective jurors were excused, four were removed through challenges for cause, and ten were eliminated by peremptory challenges. As a result, only eight qualified prospective jurors remained on the venire.

Before the jury was impaneled or sworn, Thomas drew the court's attention to Rule 235, which requires the court to direct other jurors to be drawn or summoned to complete the jury when peremptory challenges leave the jury incomplete. Both parties moved the court to direct the clerk to call additional jurors. The motions were

---

1. Citations are to the Texas Rules of Civil Proce-    dure unless otherwise noted.

overruled. Both parties then objected to impaneling only six jurors, and were overruled. A jury panel of six was subsequently impaneled, sworn and instructed.

Thomas next filed a motion for mistrial, on the grounds that he had not waived his right to a jury of twelve and the jury impaneled did not contain the legal number of jurors. The City moved for mistrial on similar grounds. Both motions were overruled.

The jury of six returned a unanimous verdict in favor of the City, and judgment was rendered that Thomas take nothing. Thomas's timely-filed motion for new trial, based on the inadequate number of jurors, was overruled by operation of law.

By his second point of error, Thomas contends the trial court erred in overruling his motion to call additional jurors in accordance with Rule 235. We agree.

The Texas Constitution provides that "[g]rand and petit juries in the District Courts shall be composed of twelve men[.]" Tex. Const. art. V, § 13.[2] The Texas Government Code specifies that in district courts, the jury "is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors." Tex.Gov't Code Ann. § 62.201 (Vernon 1988). Rule 235 provides:

> When by peremptory challenges the jury is left incomplete, the court shall direct other jurors to be drawn or summoned to complete the jury; and such other jurors shall be impaneled as in the first instance.

■ Here, neither party waived his right to a twelve-member jury. When the jury was left incomplete due to peremptory challenges, Rule 235 required the court to direct other jurors to be drawn or summoned to complete the jury.

■ The City contends, however, that Thomas waived his objection to the organization of the jury by failing to object at the appropriate time, i.e., when the challenges had reduced the venire to fewer than twenty-four. We do not agree.

The City relies on *Waller v. Summers,* 299 S.W.2d 752 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.) for the proposition that objections to the manner of organizing the jury are waived by the failure to bring the irregularity to the notice of the trial court at the proper time. However, *Waller* is inapposite to this case. In *Waller,* the first objection to the method of jury selection was on an amended motion for a new trial.

In the instant case, before the peremptory challenges were exercised, the venire comprised eighteen prospective jurors. A jury of twelve was potentially possible because neither party was required to exercise its peremptory challenges, and duplicate challenges could have been exercised. Immediately after the peremptory challenges were made, Thomas asked the court to call additional prospective jurors. Because this was the earliest moment it was certain that a jury of twelve could not be achieved, we find no waiver.

■ Moreover, Rule 235 does not require anything of the parties when the jury is left incomplete due to peremptory challenges. Under the mandatory provisions of the rule, the onus is on the court to direct that additional prospective jurors be drawn or summoned. The trial court erred in overruling Thomas's motion to call additional jurors in accordance with Rule 235. We sustain appellant's second point of error.

The above issues are dispositive of this appeal. For this reason, we will not consider Thomas's remaining points of error, all of which deal with other aspects of error attending the impaneling of a jury comprising fewer than twelve persons. Tex. R.App.P. 90(a).

Accordingly, the judgment is reversed, and the cause is remanded to the trial court.

---

2. In 1954, art. XVI, § 19 of the Texas Constitution was amended to allow persons of both sexes to serve on grand and petit juries.