Sylvia **RABSON**, Appellant,

v.

William **RABSON** and Robert **Rabson** and The Estate of Heidi Jenny, Appellees.

No. 14–94–00265–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 1995.

Rehearing Overruled Sept. 7, 1995.

---

**562**

H. Victor Thomas, Houston, for appellant.

Michael J. Centiempo, David Wallace, Sharon Brand Gardner, Ray E. Dittimar, Houston, for appellees.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

HUDSON, Justice.

This case arises from a suit by Sylvia Rabson to probate a 1985 will. Appellees, who are Sylvia Rabson's sons, filed counterclaims seeking to probate a 1990 will and seeking tort damages from appellant. Judgment was in favor of appellees and appellant brings ten points of error. Because we hold the trial court erred in refusing to grant appellant's request for a jury of twelve, we must reverse and remand.

■ No detailed recitation of the facts is necessary. In point of error four, appellant claims the trial court erred in proceeding with a jury of six when appellant requested a jury of twelve. We must first determine whether appellant is entitled to a jury of twelve. This case was essentially a will contest with additional tort claims. The case was filed in statutory probate court. Jury practice and procedure in statutory probate courts is governed by TEX.GOV'T CODE ANN. § 25.00261 (Vernon Supp.1995). This statute provides:

The drawing of jury panels, selection of jurors, and practice in the statutory probate courts must conform to that prescribed by law for county courts, except that practice, procedure, rules of evidence, issuance of process and writs, juries, including the number of jurors, and all other matters pertaining to the conduct of trials and hearings in the statutory probate courts involving those matters of concurrent jurisdiction with district courts are governed by the laws and rules pertaining to district courts.

TEX.GOV'T CODE ANN. § 25.00261 (Vernon Supp.1995). Thus, statutory probate courts generally use juries of six. *See* TEX.GOV'T CODE ANN. § 62.301 (Vernon Supp.1995). In matters of concurrent jurisdiction with district courts, however, the probate courts must follow the district court rules. TEX. GOV'T CODE ANN. § 25.00261 (Vernon Supp. 1995). District courts have juries composed of twelve persons, although the parties may agree to try a case with fewer than twelve. TEX.GOV'T CODE ANN. § 62.201 (Vernon 1988).

Statutory probate courts have the power to hear all matters appertaining to or incident to an estate. TEX.PROB.CODE ANN. § 5A(b) (Vernon Supp.1995). Before amendment of this section in 1985, courts applied the "controlling issue" test to determine whether a claim ordinarily within the jurisdiction of the district court was appertaining to or incident to an estate. *Palmer v. Coble Wall Trust Co., Inc.*, 851 S.W.2d 178, 181 (Tex.1992). This test involved a determination whether the controlling issue in the case concerned "matters relating to the settlement, partition, or distribution of an estate." *Bruflat v. Rodeheaver*, 830 S.W.2d 821, 823 (Tex.App.— Houston [1st Dist.] 1992, no writ) (citing *Seay v. Hall*, 677 S.W.2d 19 (Tex.1984)). If the court found the controlling issue did relate to the estate, then the statutory probate court had jurisdiction over the claim. 830 S.W.2d at 823.

The 1985 amendment to § 5A(b)[1] gave the probate court concurrent jurisdiction with

---

1. The following language was added by the 1985 amendment: "In actions by or against a personal representative, or in matters involving an intervivos trust, the statutory probate courts have con-

current jurisdiction with the district courts." Act of June 15, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex.Gen.Laws 2996.

the district court in "actions by or against a personal representative." Act of June 15, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex.Gen.Laws 2996. This language was later moved from § 5A(b) to § 5A(c).[2] Act of June 16, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex.Gen.Laws 4162, 4164 (codified at TEX.PROB.CODE ANN. § 5A(c) (Vernon Supp. 1995)). The Texas supreme court concluded that this sentence was added to broaden the jurisdiction of statutory probate courts. *Palmer*, 851 S.W.2d at 181. While the "controlling issue" test is still applicable in suits brought by or against a personal representative, it has no application to the case before us. *Id.*[3]

In this case, appellant filed suit to probate a will not produced in court and to set aside the trust and will dated June 10, 1990. Appellees sought to probate the 1990 will and alleged claims of the estate, including intentional infliction of emotional distress on the decedent, tortious interference with the trust instrument, and intentional infliction of emotional distress on appellees. Thus, there are claims regarding the validity of two wills, which are within the probate court's exclusive jurisdiction, and tort claims, which are within the probate court's concurrent jurisdiction with the district court.

■ Section 25.00261 indicates that cases within the probate court's exclusive jurisdiction are to have a jury of six and that cases within the probate court's concurrent jurisdiction are to have a jury of twelve. Appellees correctly observe that the statute does not address situations where the probate court is presiding over matters both within its exclusive and its concurrent jurisdiction. Nevertheless, to preserve the rights which would have been afforded the parties had the tort claims been tried in district court, we

hold that where the probate court is presiding over matters within its exclusive and its concurrent jurisdiction a party is entitled to a jury of twelve.

■ Having decided that appellant is entitled to a jury of twelve, we must next determine whether appellant waived this right. Although the Texas Constitution, Article 5, § 13 provides for a jury of twelve, the Government Code allows a jury of fewer members by agreement of the parties. TEX.GOV'T CODE ANN. § 62.201 (1988). Absent such an agreement, the denial of a request for a jury of twelve is error. *Thomas v. City of O'Donnell*, 811 S.W.2d 757, 759 (Tex.App.—Amarillo 1991, no writ).

■ Although the record does not show any agreement by the parties, both sides indicate that there may have been an oral agreement at some time to a jury of six. After appellees' counsel had finished questioning the potential jurors during voir dire, appellant made the following request for a jury of twelve:

MR. CROFFORD: One last matter. The Court made the comment this morning we will be picking a jury consisting of six people. It's my understanding that a couple of weeks ago the Court, through some communication, whether in writing or open hearing, inquired of the parties as to their preference as to six jurors or twelve. Apparently counsel indicated a preference for six. I understand my predecessors or counsel exhibited no preference.

Your Honor, we have a panel sufficiently large, we would ask the Court for a jury of twelve people rather than six.

Thus, any alleged agreement was repudiated in court before the jurors were impaneled or sworn. The trial court concluded, however, that it was too late to change the size of

---

**2.** The 1989 amendment deleted the last sentence of § 5A(b), quoted in footnote 1 of this opinion, and added the following language to § 5A(c):

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:
    (1) by or against a person in the person's capacity as a personal representative;
    (2) involving an inter vivos trust;
    (3) involving a charitable trust; and
    (4) involving a testamentary trust.

Act of June 16, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex.Gen.Laws 4162, 4164 (codified at TEX.PROB.CODE ANN. § 5A(c) (Vernon Supp.1995)).

**3.** In *Palmer*, the independent administrator brought suit in probate court against the estate's former temporary administrator and former guardian of the estate, alleging negligence, gross negligence, and violations of the DTPA. *Id.* at 179. The court found that these claims were within the probate court's concurrent jurisdiction with the district court. *Id.* at 183.

the jury, and it overruled appellant's request for a jury of twelve.

Appellees maintain that any alleged error was waived by not requesting a jury of twelve earlier in the proceedings. In support of this argument, appellees cite *Dickson v. J. Weingarten, Inc.*, 498 S.W.2d 388 (Tex. Civ.App.—Houston [14th Dist.] 1973, no writ). In *Dickson*, trial began with a jury of twelve, but during the trial, one of the jurors was dismissed when it was discovered that this juror was under felony indictment. *Id.* at 390. The defendant moved for a mistrial, but the trial judge overruled this motion at the urging of the plaintiff. *Id.* After plaintiff lost the case, he appealed and claimed error regarding the lack of twelve jurors. *Id.* A panel of this court held that the plaintiff waived his right to complain not only by failing to object, but by consenting to eleven jurors. *Id.* at 391.

This case is not on point. The plaintiff in *Dickson* actually urged the trial court to continue trial with less than twelve jurors. Here, appellant did not consent to a jury of six, but clearly requested a jury of twelve. Thus, we find *Dickson* inapplicable.

Another case cited by appellees is *Walker v. Walker*, 619 S.W.2d 196 (Tex.Civ.App.— Tyler 1981, writ ref'd n.r.e.). In *Walker*, the appellant paid the jury fee, but did not give notice of this deposit to appellee's counsel and did not make a demand for a jury trial. *Id.* at 198. The appellate court held that payment of the fee did not constitute a demand for a jury. *Id.* Therefore, the court found that appellant had waived his right to a jury trial. *Id.*

*Walker* is also inapplicable to our case. The issue before us is not whether appellant complied with the prerequisites of Rule 216 to secure a jury trial. No one disputes that the prerequisites of Rule 216 were met. Rather, the issue is whether appellant, by her conduct or words, waived her right to a jury of twelve. The record demonstrates that appellant made a timely request for a jury of twelve.

Appellees argue that appellant's timing is important in determining waiver. Because appellant did not request a jury of twelve until after appellees had completed voir dire of the prospective jury panel, appellees argue that they had no opportunity to question more carefully the jurors at the back of the venire panel. We find this argument unpersuasive. Had the trial court granted appellant's request for a jury of twelve, appellees could have requested, and should have received, additional time for voir dire.

In support of her claim of reversible error, appellant cites *Thomas v. City of O'Donnell*, 811 S.W.2d 757 (Tex.App.—Amarillo 1991, no writ). In *Thomas*, the jury panel was reduced to only eight qualified prospective jurors and both parties moved the court to direct the clerk to call additional jurors. *Id.* at 758. The trial judge overruled the motions. *Id.* at 758–59. The case was tried to a jury of six, who found in favor of the defendant. *Id.* at 759. The plaintiff challenged the trial court's action in its motion for new trial and on appeal. *Id.* The Amarillo court of appeals found no waiver of the right to a twelve-member jury and reversed for a new trial. *Id.*

Although the facts in *Thomas* vary somewhat from the facts before us, it does address the issue of whether waiver occurs when a request for twelve jurors occurs during voir dire. Furthermore, *Thomas* indicates that where there is no waiver and no agreement for fewer than twelve jurors, the denial of a request for a jury of twelve members is reversible error.[4]

Because we find that appellant was entitled to a jury of twelve members and appellant did not waive her right to request a jury of twelve, we hold that the trial court erred in denying appellant's request. Furthermore, we hold the trial court's decision constitutes reversible error. We sustain point of error four. We reverse the judgment and remand the cause to the trial court for further proceedings.

---

**4.** In *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex.1991) (per curiam), the supreme court held that the error in denying a timely request for a jury trial is harmless only if there are no material fact issues and if an instructed verdict would have been proper.