In re LIVING CENTERS OF AMER-
ICA, INC., Living Centers of Texas,
Inc., and the Village Healthcare Cen-
ter, Relators.

No. 14–99–00401–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 25, 1999.

Paul G. Preston, Houston, for relator.

Thomas S. Hornbuckle, Houston, Jerome Jones, Galveston, for respondent.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## O P I N I O N

J. HARVEY HUDSON, Justice.

In this mandamus proceeding, relators, Living Centers of America, Inc., Living Centers of Texas, Inc., and The Village Healthcare Center, complain that the visiting judge assigned to hear their case in the probate court abused his discretion by refusing to remove himself pursuant to their objection under section 74.053 of the Texas Government Code. Finding no abuse of discretion, we deny mandamus relief.

In the underlying case, Irene Radford, individually and as the personal representative of the estate of her deceased mother, Lillian Page, sued relators for personal injuries allegedly suffered by Page as a result of alleged abuse and neglect while a resident at the Village Healthcare Center. The plaintiffs, who are the real parties in interest, originally filed suit in the 334 th District Court of Harris County. After taking a nonsuit, the real parties refiled

suit in the Harris County Probate Court Number Three.

On March 12, 1999, the Honorable Rory Olsen, Presiding Judge of Harris County Probate Court Number Three, voluntarily recused himself. The case was then referred to the Honorable Guy Herman, Presiding Judge of the Statutory Probate Courts of Texas, for assignment of a visiting judge. On March 31, 1999, Judge Herman assigned the Honorable Jerome Jones to hear the underlying case pursuant to section 25.0022 of the Government Code. Relators timely filed an objection to Judge Jones pursuant to section 74.053(b) of the Government Code. The real parties promptly filed a response asserting section 74.053 did not apply to Judge Jones' assignment under section 25.0022. Relators filed a reply claiming section 25.00261 of the Government Code requires application of district court laws and rules to probate courts exercising concurrent jurisdiction with the district court. Following a hearing on April 19, 1999, Judge Jones signed an order denying relators' objection.

On April 27, 1999, while the underlying case was pending on the two-week trial docket, relators filed this petition for writ of mandamus and a request for immediate temporary relief. The following day, we granted relators' request and stayed the trial proceedings.

 Generally, mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal issues, when there is no adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). When a party files a timely objection to an assigned judge under section 74.053 of the Texas Government Code, the assigned judge's removal is mandatory. *See Dunn v. Street*, 938 S.W.2d 33, 34 (Tex.1997); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996). If the assigned judge refuses to remove himself after a party timely files an objection under section 74.053, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief without a showing that it lacks an adequate remedy by appeal. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997); *Flores*, 932 S.W.2d at 501.

Relators argue Judge Jones should have automatically removed himself when they filed their objections under section 74.053(b). They also claim the presiding judge of the second administrative judicial region, not Judge Herman, had authority to assign a judge by way of section 74.052 of the Government Code. Relators' base their argument on section 25.00261 of the Government Code, which calls for application of district court laws and rules to probate courts exercising concurrent jurisdiction with the district courts.

It is undisputed that the probate court has concurrent jurisdiction with the district court of the underlying personal injury suit. *See* TEX. PROB.CODE ANN. §§ 5(d), 5A (c), (e) (Vernon Supp.1999) ("statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as a personal representative ... whether or not the matter is appertaining to or incident to an estate"); *see also* TEX. GOV'T CODE ANN. § 25.1031(c)(3) (Vernon 1988) ("Harris County has the following statutory probate courts: ... Probate Court No.3 of Harris County"). It is also undisputed that the assignment of Judge Jones was pursuant to section 25.0022. Subsection (i) of that statute provides as follows:

> Judges may be assigned in the manner provided by this section to hold court in a statutory probate court, county court or other statutory court exercising probate jurisdiction.

*See id.* § 25.0022(i) (Vernon Supp.1999).

Asserting there are distinctions between "probate jurisdiction" and "concurrent jurisdiction" throughout the Government Code and Probate Code, and relying on the phrase, "exercising probate jurisdiction," relators argue an assignment under section 25.0022(i) is authorized only when

any one of the enumerated courts is exercising original probate jurisdiction. Because the probate court was exercising concurrent jurisdiction, not original probate jurisdiction, relators argue section 22.0022(i) is inapplicable and, instead, "the laws and rules pertaining to district courts" apply pursuant to section 25.00261. In support of this argument, relators rely on *Rabson v. Rabson,* 906 S.W.2d 561 (Tex.App.—Houston [14th Dist.] 1995, writ denied). In *Rabson,* the appellant claimed she was entitled to twelve, instead of six, jurors in a will contest involving tort claims. *See* 906 S.W.2d at 562–63. In concluding the appellant was entitled to twelve jurors, this court held that section 25.00261 applies to a statutory probate court exercising both exclusive jurisdiction (the will contest) and concurrent jurisdiction (the tort claims). *See id.* Relators point out the Legislature enacted section 25.00261 in 1991 to make practice and procedure uniform between the district and probate court in matters of concurrent jurisdiction.[1] Section 25.00261 provides as follows:

> The drawing of jury panels, selection of jurors, and practice in the statutory probate courts must conform to that prescribed by law for county courts, except that practice, procedure, rules of evidence, issuance of process and writs, juries, including the number of jurors, and all other matters pertaining to the conduct of trials and hearings in the statutory probate courts involving those

matters of concurrent jurisdiction with district courts are governed by the law and rules pertaining to district courts.

TEX. GOV'T CODE ANN. § 25.00261 (Vernon Supp.1999).

Under "the laws and rules pertaining to district courts," relators assert the right to object to an assigned judge under section 74.053(b) of the Government Code and claim the presiding judge of the second administrative judicial region, not Judge Herman, had sole authority to assign a judge. The real parties respond that an assignment under section 25.0022(i) is not limited to a court exercising only original probate jurisdiction.[2] The real parties assert section 25.00261 applies only to trial practice and procedure, not to the pre-trial assignment of judges as set out in the Court Administration Act of Chapter 74. This is confirmed by *Rabson,* which addresses only jury practice. In fact, neither section 25.00261 nor *Rabson* address the assignment of judges. Case law addressing that issue, however, suggests that an objection under section 74.053 does not apply to an assignment under Chapter 25. In *Erbs v. Bedard,* 760 S.W.2d 750 (Tex. App.—Dallas 1988, no writ), the court held that the presiding judge of the statutory probate courts, who had assigned himself to the case under section 25.0022(i), did not abuse his discretion in refusing to remove himself pursuant to an objection under section 74.053(b). *See Erbs,* 760 S.W.2d at 755. Because "the Texas Government

---

1. The enactment of section 25.00261 was after the Legislature had expanded the jurisdiction of the statutory probate courts in sections 5 and 5A of the Probate Code to include "concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as personal representative." *See* Act of September 1, 1989, 71st Leg., R.S., ch. 1035, §§ 2, 3, 1989 Tex. Gen. Laws 4162, 4163–64; Act of August 26, 1985, 69th Leg., R.S., ch. 875, § 1 1985 Tex. Gen. Laws 2996.

2. The real parties suggest the phrase "exercising probate jurisdiction" modifies "other statutory court," not the other two courts described in the statute, i.e., "statutory probate

court, county court." Thus, the real parties argue section 25.0022(i) applies to a statutory probate court or county court, regardless of whether those courts are exercising original probate jurisdiction or concurrent jurisdiction. Whatever the merits of this argument, "probate jurisdiction" is comprised of: (1) exclusive original jurisdiction over the probate of wills, the administration of estates, the determination of heirship and matters appertaining to or incident to an estate, and (2) concurrent jurisdiction over actions by or against personal representatives and actions involving trusts. *See* TEX. PROB.CODE ANN. §§ 5, 5A (Vernon Supp.1999).

Code [did] not clearly and unambiguously make section 74.053 applicable to an assignment under Chapter 25 of the Code," the court concluded the judge "was not faced with a clear cut duty imposed unambiguously by statute to disqualify himself." *Id.* Also, in *Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615 (Tex.App.—Houston [14th Dist.] 1992), *writ denied*, 847 S.W.2d 247 (Tex.1993) (J. Doggett, dissenting), this court held that an objection under section 74.053(b) to an assignment by the local administrative judge was invalid. *See Cabrera*, 834 S.W.2d at 617–18. In so holding, we concluded section 74.053 applies "only when a judge is assigned under this chapter." *See id.; see also In re Houston Lighting & Power, Co.*, 976 S.W.2d 671, 672 n. 6, 7 (Tex.1998) (and cases cited therein).

Relators argue these decisions are not controlling because *Erbs* was handed down before the enactment of section 25.00261 and because *Cabrera* does not address Chapter 25. The legislature cleared up any question about the applicability of Chapter 74 when it added subsection (w) to section 25.0022 in 1989. Subsection (w) was added after the *Erbs* decision, but before the enactment of 25.00261. *See* Act of October 1, 1991, 72nd Leg., R.S., ch. 646, § 7, 1991 Tex. Gen. Laws 2620,2622. As enacted, subsection (w) stated as follows: "Chapter 74 does not apply to the assignment of statutory probate court judges." *See* Act of August 28, 1989, 71st Leg., R.S., ch. 1101, § 1 1989 Tex. Gen. Laws 4557. After the enactment of section 25.00261 in 1991, the Legislature twice amended subsection (w) in 1995 and 1997 as follows: "Chapter 74 *and Subchapter I, Chapter 75 do* not apply to the assignment *under this section* to the assignment of statutory probate court judges." *See* Act of September 1, 1997, 75th Leg., R.S., ch. 1064, § 1, 1997 Tex. Gen. Laws. 4057; *see*

*also* Act of September 1, 1995, 74th Leg., R.S., ch. 1064, § 7, 1995 Tex. Gen. Laws 2666, 2667 (emphasis added).

These amendments clearly show the Legislature did not intend Chapter 74 to apply to the assignment of a judge under section 25.0022, through section 25.00261. *See Mitchell Energy*, 943 S.W.2d at 438 (stating that the primary objective of statutory construction is to give effect to the Legislature's intent based on the actual language employed in the statute); *see also* TEX. GOV'T CODE ANN. §§ 311.021, 311.23 (Vernon 1998). If the Legislature had intended section 25.00261 to apply to the assignment of judges, it could have added an exception to section 25.0022(w). For example, subsection (w) could have been amended as follows: "Chapter 74 and Subchapter I, Chapter 75 do not apply to the assignment under this section of statutory probate court judges, *except as provided by section 25.00261, when the statutory probate court is exercising concurrent jurisdiction with the district court.*" Although aware of section 25.00261 when it amended section 25.0022(w), the Legislature chose not to add such language. Relators argue no such amendment was necessary because the prohibition in section 25.0022(w) applies only to an assignment *"under this section,"* i.e., to an assignment to "a statutory probate court, county court or other statutory court exercising *probate jurisdiction "* under section 22.0022(i). As we previously noted, probate jurisdiction includes both exclusive original jurisdiction and concurrent jurisdiction. Thus, there is no language in section 25.0022 making it expressly dependent on whether the assignment is to a court exercising exclusive, as opposed to concurrent, jurisdiction.[3]

Accordingly, we do not believe the Legislature intended section 25.00261 to apply to the assignment of judges in the probate courts.[4] Thus, Judge Herman had

---

3. Contrary to relators' contention, we perceive no conflict between section 25.0261 and our construction of section 25.0022.

4. Our conclusion is bolstered by the supreme court's decision in *Houston Lighting & Power*. Citing *Erbs*, the court held that the right to object under section 74.053 does not apply to

authority to assign Judge Jones to the underlying case under section 25.0022, relators' objection to Judge Jones' assignment pursuant to section 74.053(b) was invalid. and Judge Jones did not abuse his discretion or violate a duty imposed by law in denying relators' objection.

■ Relators contend the expansion of statutory probate court jurisdiction under the Probate Code violates the Equal Protection Clause of the United States and Texas Constitutions. U.S. CONST. amend XIV; TEX. CONST. art. I, § 3. As earlier noted, the Legislature expanded the jurisdiction of a statutory probate court under sections 5 and 5A of the Probate Code to include "concurrent jurisdiction with the district court in all actions by or against a ... as personal representative ... whether or not the matters are appertaining to or incident to an estate." See Act of September 1, 1989, 71 st Leg., R.S., ch. 1035, §§ 2, 3, 1989 Tex. Gen. Laws 4162, 4163–64. Relators argue this expansion of probate court jurisdiction violates equal protection because of the disparate treatment of parties based solely on whether a case is filed in the probate court or the district court. According to relators, there is no rational basis why a litigant bringing identical claims should be allowed to object to an assigned judge when the case is in the district court, but not be allowed the same right when the case is in the probate court.

■ There are three tiers to the equal protection analysis. When a statute infringes upon a fundamental right or burdens a suspect class, it is subject to strict scrutiny, which requires a showing that the statute is closely tailored to promote a compelling state interest. See City of Cleburne v. Cleburne Living Center, 473 U.S.

432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (plurality opinion); see also Lucas v. U.S., 757 S.W.2d 687, 704 (Tex.1988) (J. Phillips dissenting). When a statute burdens a sensitive, but not a suspect, class or impinges on an important, but not a fundamental, right, the statute is subject to an intermediate level of scrutiny, which requires a showing that the statute is substantially related to an important state interest See City of Cleburne, 473 U.S. at 440, 105 S.Ct. at 3254–55; Lucas, 757 S.W.2d at 704. When a statute does not involve a fundamental right or a suspect class or implicate intermediate scrutiny, the proper standard of review is whether the classification bears a rational relationship to a legitimate state interest. See Lucas, 757 S.W.2d at 704. Under this standard, a statute is presumed constitutional and will be upheld "if any state of facts reasonably may be conceived to justify it." See id.; see also Lens Express, Inc. v. Ewald, 907 S.W.2d 64, 69 (Tex.App.—Austin 1995, no writ).

Relators assert sections 5 and 5A of the Probate Code infringe on their fundamental right to the "fair administration of justice." Relators do not say how their inability to object to Judge Jones impedes the fair administration of justice. Assuming the inability to object to an assigned judge in the statutory probate court somehow impedes the fair administration of justice, relators have cited no authority, and we have not found any, that recognizes the "fair administration of justice" as a fundamental constitutional right.[5] See e.g., Lucas, 757 S.W.2d at 704 (noting that strict scrutiny applies to those "fundamental liberty rights 'explicitly or implicitly guaran-

an assignment by some power other than Chapter 74. See 976 S.W.2d at 672 n. 6, 7.

**5.** While "a fair trial before a fair tribunal is a basic requirement of due process," relators do not claim they were deprived of a fair trial nor could they with recusal procedures at their disposal. See L.W. Holt v. Commonwealth of Virginia, 381 U.S. 131, 136, 85 S.Ct. 1375, 1378, 14 L.Ed.2d 290 (1965); see also

TEX. GOV'T CODE ANN. § 25.00255 (Vernon Supp.1999). Relators also do not claim the "fair administration of justice" is an important constitutional right. In any event, the intermediate level of scrutiny has been applied only to gender and illegitimacy classifications. See City of Cleburne, 473 U.S. at 440, 105 S.Ct. at 3254–55.

teed by the Constitution,'" including the fundamental guarantees of the Bill of the Rights "as well as the right to free association, the right to access to the political process, the right to travel between States, the right to privacy in certain personal decisions, and perhaps others"). Thus, the question becomes whether section 5(d) bears a rational relationship to a legitimate state interest. *See Lucas,* 757 S.W.2d at 704.

■ The real parties suggest the following rationales for why the Legislature gave the statutory probate courts concurrent jurisdiction with the district courts, but did not give probate court litigants the right to object to an assigned judge: (1) there were fewer former or retired probate judges available for assignment; (2) there was less concern for abuse in the assignment judges under Chapter 25 than under Chapter 74; and (3) there was less of a need for assignments in the probate courts because of less crowded dockets.[6] Because a statute must be upheld under the rational basis test "if any state of facts reasonably may be conceived to justify it," we cannot say section 5(d) is unconstitutional. *See id.; see also Lens Express,* 907 S.W.2d at 69. For the reasons discussed, we deny relators' petition for writ of mandamus and lift the stay granted by this court.

---

6. Contrary to relators' contention, the purpose behind the amendments to the Probate Code was not so much to ease the backlog of the district courts, but to expand the jurisdiction of the statutory probate courts. *See In re Graham,* 971 S.W.2d 56, 59–60 (Tex.1998).