In the Matter of the GUARDIANSHIP OF Elizabeth Dunn LYNCH, an Incapacitated Person.

No. 06–99–00071–CV.

Court of Appeals of Texas, Texarkana.

Argued Nov. 21, 2000.

Decided Dec. 8, 2000.

Gary L. Waite, Paris, for appellant.

J.D. McLaughlin, McLaughlin, Hutchison, Hunt, Robert Scott McDowell, Paris, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

This is an appeal from a judicial determination naming a guardian for Elizabeth Lynch. Kathie Jewell, the appellant, asked to be named guardian and lost at trial. Karen Lodes, the appellee, was named as guardian. Jewell and Lodes are daughters of Elizabeth Lynch.

Jewell contends that the court erred by appointing an attorney ad litem who was not qualified to serve, by submitting a jury charge about the ward's preference (when she had revoked the preference), by failing to submit a jury instruction concerning the date of Lynch's incapacity, and by trying the case with only six jurors.

Elizabeth Lynch has been diagnosed with Alzheimer's Disease. Her mental condition is deteriorating. Her daughters are in a dispute over her care, and both sought to be named as the guardian of her person and estate. A trial was held before a six-person jury. The jury found in favor of Lodes, and Jewell appeals.

Jewell first contends that the court committed reversible error by naming an unqualified attorney to act as the ad litem for the ward. Counsel correctly points out that Tex.Prob.Code Ann. § 647A (Vernon Supp.2001) requires any ad litem to have been certified by the State Bar as having successfully completed a course of study in guardianship law. Lodes argues that the section requiring certification became effective on September 1, 1999, and posits that there was probably not a single lawyer in Lamar County who was so certified.

This argument fails to acknowledge that the predecessor to this statute, Tex.Prob. Code Ann. § 646,[1] contained substantially the same requirements prior to the 1999 amendments and had been in effect since 1993. Thus, the prior statute was in place and effective at the time of this proceeding.

■ In order to preserve a complaint for appellate review, a party must present to the trial court a timely motion or objection stating the specific grounds therefor. Tex.R.App.P. 33.1. An objection at trial which is not the same as that urged on appeal presents nothing for review. *Holland v. Hayden,* 901 S.W.2d 763, 765 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *Haryanto v. Saeed,* 860 S.W.2d 913, 921 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

■ In this case, counsel did not complain about the ad litem's qualifications or lack thereof. Thus, any complaint based on this ground has not been preserved for review. Further, since no question was raised, the record simply does not indicate whether the ad litem is certified. In such a situation, the record does not reflect error. This contention of error is overruled.

■ Jewell next contends that the court erred by submitting a jury question asking the jury about Lynch's designation of her preference as to a caretaker when she had later revoked that designation. The question read as follows: **"Do you find from a preponderance of the evidence that Elizabeth (Bettie) Dunn Lynch was incapacitated on April 13, 1998, when she signed the Declaration of Guardian?"** The jury's answer was "no."

■ Jewell argues that because there was evidence that Lynch had revoked her designation, the question was irrelevant and should not have been given to the jury. A trial court is to submit questions which are raised by the pleadings and the evidence in the form provided by Rule 277. *See* Tex.R.Civ.P. 277, 278. If we determine that an error exists, we then consider the pleadings, the evidence presented at trial, and the charge in its entirety to determine whether the error merits reversal. *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986). Error in the charge is reversible only if harmful, that is, if it caused or was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *Id.; see* Tex.R.App.P. 44.1(a)(1).

In this case, Lynch signed a declaration of guardian on April 13, 1998, in which she designated Lodes to serve as guardian of her estate and person should such a guardian become necessary and which expressly excluded Jewell as a potential guardian. In her oral deposition, taken February 15, 1999, Lynch stated that she did not have a preference as to whom she would want to be her guardian if she needed one. The trial took place on February 17–19, 1999. There was also evidence concerning Lynch's worsening mental condition.

---

1. Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex.Gen .Laws 4081, 4094, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 22, 1995 Tex.Gen.Laws 5145, 5155 56, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 74, 1995 Tex.Gen.Laws 5145, 5170, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 379, § 4, 1999 Tex.Gen.Laws 1381, 1383–84, *amended by* Act of May 20, 1999, 76th Leg., R.S., ch. 716, § 1, 1999 Tex.Gen.Laws 3324, 3324–25.

In the questions sent to the jury, the jury was asked to first determine whether Lynch was incapacitated. The jury answered yes. The jury was then asked if she was incapacitated on April 13, 1998, when she signed the declaration of guardian, and answered no. The issue of the time at which she became incapacitated was a key question for this case, and these questions asked the jury to determine her mental status at different points in time. The evidence that two days before trial Lynch had stated she did not have a preference is not controlling under these facts, and a legitimate issue of fact was before the jury. The question is supported both by the pleadings and by the evidence. The court did not err in presenting the question to the jury.

 Jewell next contends that the trial court erred by failing to submit a requested jury question asking whether Lynch was incapacitated from at least July 23, 1997, to the present. The stated purpose of the question was to include the time period during which Lynch signed the declaration naming Lodes as her proposed guardian. In determining whether the court erred in this regard, the question is whether it abused its discretion by refusing to submit the question. *See Texas Employers' Ins. Ass'n v. Charles*, 381 S.W.2d 664, 668 (Tex.Civ.App.—Texarkana 1964, writ ref'd n.r.e.); W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1111 (1993). The question in reviewing such a contention is whether the request was reasonably necessary to enable a jury to reach a proper verdict. TEX.R.CIV.P. 277. In this case, it was not. The questions

tendered to the jury more accurately pinpointed the critical issues to be decided. No abuse of discretion has been shown.

 Jewell next contends that the trial court erred by trying the case with only six jurors rather than with twelve. County courts at law, by constitutional and statutory fiat, empanel six jurors to hear cases. TEX. CONST. art. V, § 17; TEX. GOV'T CODE ANN. § 62.301 (Vernon 1998). However, the provisions governing the Lamar County Court at Law also provide it with concurrent jurisdiction with the district court in probate matters and proceedings. TEX.GOV'T CODE ANN. § 25.1412 (Vernon Supp.2001).[2] TEX.PROB.CODE ANN. § 603(a) (Vernon Supp.2001) states that the laws and rules governing estates of decedents apply to and govern guardianships.

 The initial issue before this Court is whether this contention of error has been preserved for review. At the trial, neither party requested a twelve-person jury or complained at any point in the proceedings because only six persons were empaneled. Jewell argues, in effect, that this is the type of error that cannot be waived except on an express agreement between the parties pursuant to the statute. She has cited no authority for this position, and we have been unable to locate any that directly bear on this situation. Thus, it appears that in this type of proceeding, the parties were entitled only to a six-person jury. Further, the code also provides that parties may agree to try a particular case with fewer than twelve jurors. TEX.GOV'T CODE ANN. § 62.201 (Vernon 1998).[3]

2. The code requires that where matters are heard in statutory probate courts, the rules of procedure are to conform with the rules governing district courts, including the number of jurors to hear cases. TEX.GOV'T CODE ANN. § 25.00261 (Vernon Supp.2001). However, the Probate Code expressly defines a statutory probate court as a statutory court designated as a statutory probate court under Chapter 25, Government Code. "A county court at law exercising probate jurisdiction is not a statutory probate court under this Code unless the court is designated a statutory probate court under Chapter 25, Government Code." TEX. PROB.CODE ANN. § 3ii (Vernon Supp.2001). The court in this case is not a statutory probate court, and Section 25.00261 therefore does not apply. *See Rabson v. Rabson*, 906 S.W.2d 561, 563 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

3. There is no right under the United States Constitution to a jury of twelve persons in a

In *Rabson v. Rabson,* 906 S.W.2d 561 (Tex.App.—Houston [14th Dist.] 1995, writ denied) (a case involving a *statutory* probate court), the Houston court held that when a request was made for a jury of twelve (after the voir dire was complete), the denial of the request was reversible error. This is not the same situation. In this case, no request was made at any point for a jury of twelve, and the parties proceeded without objection through trial with a six-person jury.

Based on the foregoing analysis, Jewell had no right to demand a twelve-person jury. Even if she did, she did not request a jury of twelve and did not complain to the trial court when a jury of six was empaneled. We conclude that the failure to object waived the claimed error. *See* TEX.R.APP.P. 33.1. The contention of error is overruled.

The judgment is affirmed.

civil case. *Colgrove v. Battin,* 413 U.S. 149, 157, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973); *Daniels v. Southwestern Transp.,* 621 S.W.2d 188, 191 (Tex.Civ.App.—Texarkana 1981, no writ).