### GRAVES et ux. v. MOON.

### No. 1708.

Court of Civil Appeals of Texas. Waco.

Feb. 27, 1936.

Rehearing Denied March 26, 1936.

T. R. Mears, of Gatesville, for appellants.

Stinnett & Stinnett and Robt. W. Brown, all of Gatesville, for appellee.

GALLAGHER, Chief Justice.

Appellants, J. B. Graves and wife, Sallie Graves, instituted this suit in trespass to try title against appellee, Lorene Moon, to recover an undivided half interest in a house and lot situated in the city of Gatesville and known as the Bennett Hotel property. Appellants alleged that appellee owned the other undivided half interest in said property, that the same was incapable of partition in kind, and prayed the court to provide for the sale thereof by a receiver and to divide the proceeds of such sale between the parties hereto. Recovery of certain personal property was also asked, but no issue with reference to the same is presented in this appeal. Appellee filed an answer in the cause in her individual capacity and also as executrix of the estate of J. R. Moon, deceased. She included therein a plea of not guilty, a general denial, and other pleas not material in this appeal. She also included therein a formal cross-action, in which she alleged that the property in controversy was owned by J. R. Moon at the time of his death; that he left a lawful will which had been duly probated; that she was named as independent executrix therein and had duly qualified as such; that certain debts were owed by said estate; and that she was entitled to recover possession of said property for the purpose of administration. She further alleged that, subject to such administration, she was sole devisee in the will of said testator of all the property owned by him at the time of his death, including the property in controversy herein. She prayed for judgment denying appellants recovery of said property and for judgment in her favor for title and possession thereof, and for process for the enforcement of such judgment. Appellants, by supplemental petition, claimed title to the half interest in said property sued for by them under the ten-year statute of limitation.

The case was submitted to a jury on special issues, all of which were with reference to the title to the personal property involved herein. No complaint of said findings is made. The court rendered judgment awarding the personal property in controversy to the respective parties in accordance with the findings of the jury. The court recited in the judgment that appellants had wholly failed to prove any title to the real estate in controversy and that the appellee, individually and as independent executrix of the will of J. R. Moon, deceased, had proved a perfect record title to the same, and awarded her a recovery thereof in the capacities aforesaid.

Opinion.

Appellants present assignments of error in which they contend that the court erred in refusing to permit them, and each of them, to testify that J. R. Moon, deceased, made a parol gift to them of an undivided half interest in said hotel property and that they entered into joint possession of the same with him and made valuable improvements thereon in reliance on such gift. The objection urged to the admission of such testimony was that appellants were inhibited from so testifying under the provisions of Revised Statutes, art. 3716, commonly known as the death statute. Both parties claimed under J. R. Moon, who held said property under a deed duly recorded in December, 1909. He was at that time married to Mrs. Tillie Bennett Moon. She died in November, 1918. Neither he nor she ever had any children. Shortly after the death of his said wife he invited appellant, Mrs. Sallie Graves, the sister of his deceased wife, and her husband, J. B. Graves, to come and reside in said hotel. From that time until the death of J. R. Moon in February, 1934, both of appellants resided in the hotel and participated in the operation and management thereof. Appellee was a niece of J. R. Moon. She came to said hotel in 1923 and resided therein until his death. Moon's will was duly probated, and letters testamentary on his estate were granted to appellee on March 5, 1934. She immediately qualified. By the terms of said will the testator devised his entire estate to appellee. The items of property composing his estate were not recited therein. This suit was filed

by appellants the next day after the probate of said will. Appellee submitted affirmative and undisputed testimony that his estate owed debts which were not paid at the time of trial.

Article 3314 of our Revised Statutes provides, in substance, that, when a person dies leaving a lawful will, all his estate devised or bequeathed thereby shall vest immediately in the devisees or legatees, subject, however, to the payment of the debts of the testator, except such as may be exempted by law; and that, upon the issuance of letters testamentary or of administration on any such estate, the executor or administrator shall have a right to the possession of the estate as it existed at the death of the testator, with the exception aforesaid, and that he shall recover possession of and hold such estate in trust to be disposed of in accordance with law. Appellee therefore, in her capacity as executrix, could properly maintain her cross-action for the recovery, as part of the estate of the testator, of the half interest in the hotel property claimed by appellants. Morrell v. Hamlett (Tex.Civ.App.) 24 S.W.(2d) 531, pars. 2 and 7 (writ refused), and authorities there cited; 13 Tex.Jur. p. 751 et seq., §§ 176 and 177. Article 1981 of our Revised Statutes expressly authorizes executors to sue for title and possession of lands, and declares that the judgment rendered in such suits, absent fraud or collusion, shall be conclusive on all interested parties. See Kent v. Johnson (Tex.Civ.App.) 78 S.W. (2d) 282, par. 2. Appellants' suit involved an assertion of present title and right to possession in them, and, since it was filed immediately after the grant of letters, it should have been brought against appellee both as executrix and as devisee. R.S. art. 1982; 14 Tex.Jur. p. 334, § 549; Lufkin v. City of Galveston, 73 Tex. 340, par. 2, 11 S.W. 340; Cyphers v. Birdwell (Tex.Civ. App.) 32 S.W.(2d) 937, 940, par. 9. The fact that appellants brought their suit against her individually, without recognizing or averring her representative capacity, did not in any way affect nor defeat her right to seek affirmative relief in both capacities by way of cross action. In fact, her right to do so is not assailed by any assignment of error herein presented. We are therefore unable to agree with the contention advanced by appellants in their argument that, in considering the application of article 3716 to their proposed testimony in this case, we must look alone to the contents of their petition and disregard appellee's cross-action.

Appellee claimed the property in controversy herein in a dual capacity; that is, as executrix holding letters testamentary on the estate of J. R. Moon, deceased, and, subject to administration on such estate, as sole devisee under his will. The proposed testimony of appellants was admissible against her individually, but not against her in her representative capacity. Since both such interests were joined in the same person, the right to assert the same constituted an indivisible cause of action. Our Supreme Court has held that in such cases the provisions of the death statute are applicable and testimony inhibited thereby inadmissible, and such holding has been consistently followed. Spencer v. Schell, 107 Tex. 44, par. 2, 173 S.W. 867, par. 2; Langston v. Robinson (Tex.Civ.App.) 253 S.W. 654, 658, 659, par. 4, and authorities there cited; Connecticut General Life Ins. Co. v. Banderbee (Tex.Civ.App.) 82 S.W.(2d) 764, 765, 766, par. 1; Traders' & General Ins. Co. v. Baldwin (Tex.Com.App.) 84 S.W. (2d) 439, 442, par. 4, and authorities there cited; Caulk v. Anderson, 120 Tex. 253, 37 S.W.(2d) 1008, 1011 (second column). The court did not err in excluding appellants' proposed testimony.

We have examined all of appellants' other assignments, and are of the opinion that none of them present reversible error.

The judgment of the trial court is affirmed.