**Elizabeth Judge SOUTHWORTH et vir,**
**Appellants,**

v.

**Elizabeth W. CLARK et al., Appellees.**

**No. 4570.**

Court of Civil Appeals of Texas.

Waco.

Jan. 26, 1967.

Rehearing Denied Feb. 16, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, Austin C. Wilson, Robert L. Blevins, Jr., Houston, for appellants.

Vinson, Elkins, Weems & Searls, Jarrel D. McDaniel, R. P. Bushman, Jr., M. C. Chiles, Houston, for appellees.

## OPINION

WILSON, Justice.

Appellant-plaintiff, Mrs. Judge, instituted a declaratory judgment action against appellee, Mrs. Clark, and others. Mrs. Judge is the widow of John F. Judge and executrix of his estate. Appellee is his mother.

John Judge and his mother, Mrs. Clark, executed a partnership agreement in 1951 by which they agreed to engage in the oil business, sharing profits and losses at specified percentages. The controlling issues in the case concern the time of termination of the partnership. The partnership agreement provided for a 10-year initial term and successive 10-year terms "until one of the partners gives written notice to the other partners of his desire to discontinue the partnership." Appellant contends, and sought a declaration that the partnership terminated at the end of the first 10-year period in 1961. Appellee's position is that

it continued until the death of Judge in 1962. She filed a cross-action so asserting, and alleging that a 1962 conveyance by Judge to appellant, his wife, of an undivided ¼ interest in the partnership assets was ineffective, and the assets described remained subject to the partnership agreement until Judge's subsequent death; that Judge was without authority to execute the conveyance, which she prayed be cancelled as having passed no title to appellant. An accounting of the rights of the parties was prayed for.

In a non-jury trial judgment was rendered finding and declaring that the partnership was not dissolved or terminated, but continued until the death of Judge; that appellee, Mrs. Clark, was entitled to purchase Judge's interest according to the terms of the partnership agreement; that the conveyance to appellant by Judge as general and managing partner was ineffectual and should be set aside. The accounts of the parties were stated.

It is undisputed that no written notice of termination was ever given. The partnership agreement provided that neither partner should convey partnership property without written consent of the other. Mrs. Clark did not consent to the conveyance by Judge to his wife, who, in urging validity of the conveyance, asserts that the one-fourth undivided interest conveyed was the interest in the partnership to which Judge was entitled.

Appellant urges that Mrs. Clark retained the same attorney who had been previously employed by Judge to negotiate with her for a modification or re-writing of the partnership agreement; that this conduct constituted tortious interference in an existing attorney-client relationship; and that thereby "appellee is estopped to assert the requirement of written notice" of intention to terminate the contract.

The implied finding in support of the judgment contrary to this contention is authorized by the record. There is no

pleading of estoppel, however; and in the absence of affirmative averments as to this plea in confession and avoidance under Rule 94, Texas Rules of Civil Procedure, it may not be relied upon. Concord Oil Co. v. Alco Oil and Gas Corp. (Tex.Sup.1965) 387 S.W. 2d 635, 639; 22 Tex.Jur.2d, Estoppel, Sec. 19, p. 690.

■ The evidence is adequate to support the trial court's findings that there was no agreement to terminate the partnership at the end of the initial ten-year period, and the implied finding that there was no waiver of appellee's right to require written notice of termination. The evidence shows that although Judge desired and unsuccessfully sought a modification and amendment of the partnership agreement, he desired a continuation of the partnership. We find and are pointed to nothing to show he evidenced or gave notice of a contrary desire, or intention to terminate. There is no pleading of waiver, also requisite under Rule 94.

■ Complaint is made of exclusion of testimony by appellant concerning statements made by Judge expressing dissatisfaction with the business relationship with his mother, and his desire to re-write the partnership agreement. The statements were said to have been made in meetings between Judge, appellant and an attorney for the partnership in appellee's absence. These statements and certain documents were excluded as violative of Art. 3716, Vernon's Ann.Tex.Stats., the Dead Man's Statute. The statute provides that in actions by or against heirs and legal representatives of decedents, neither party shall be allowed to testify to transactions with or statements by decedent. The statements were also excluded as being hearsay.

This action was brought by appellant in her individual capacity, but appellee's cross-action was against her individually and as executrix of Judge's estate to set aside the 1962 deed executed by Judge and to enforce the partnership agreement. Appellant answered in both capacities, asking the court to construe the instrument and decree performance.

The controversy in this case concerns effect of the deed from Judge purporting to convey a one-fourth interest in the partnership. It turns on the issue of whether or not the partnership was dissolved prior to Judge's death. If there was no termination until his death, his interest sought to be conveyed by the deed was an asset of Judge's estate of which his widow, appellant, was executrix. The objection to the evidence that it contravened the statute, in our opinion, was properly sustained. Spencer v. Schell, 107 Tex. 44, 173 S.W. 867, 868; Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801, 809; Graves v. Moon, Tex. Civ.App., 92 S.W.2d 290, 292, writ ref.

Discussions between Judge and the attorney, together with various documents were offered without limitation, for all purposes. They were hearsay as to appellee, and were properly excluded.

Appellant's points have each been considered and are overruled. Affirmed.