Logan FORD, Appellant,

v.

Cora T. ROBERTS, Appellee.

No. 17826.

Court of Civil Appeals of Texas, Dallas.

March 16, 1972.

Rehearing Denied March 30, 1972.

J. Dan Bohanan, Logan Ford, Burford, Ryburn & Ford, Dallas, for appellant.

Robert L. Hoffman, Mike Joplin, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

This case turns on the applicability *vel non* of Tex.Rev.Civ.Stat.Ann., art. 3716 (1926), commonly known as the "Dead Man's Statute," to testimony offered by appellant concerning transactions between him and appellee's testator. Appellant sued in trespass to try title, and for partition of real estate, to impose a constructive trust on an undivided one-fourth interest in certain land in Dallas County. In a non-jury trial judgment was rendered against appellant.

Aubrey J. Roberts died June 25, 1968, and appellee qualified as independent executrix of his estate on August 26, 1968.

In his original petition, filed October 23, 1968, appellant sued "Cora T. Roberts, individually and as Independent Executrix of the Estate of Aubrey J. Roberts, deceased, defendant herein," and in paragraph 1 of the First Count of the petition alleged: "Cora T. Roberts is the duly appointed, acting and qualified Independent Executrix of the Estate of Aubrey J. Roberts, deceased." On February 8, 1971 appellant filed his First Trial Amendment in which he amended the allegation quoted above to read as follows:

"Cora T. Roberts initially was the duly appointed and qualified Independent Executrix of the Estate of Aubrey J. Roberts, Deceased. In the interim since her appointment the estate has been fully administered. There are no debts of the estate outstanding. The preliminary federal estate tax and the state inheritance tax returns have been prepared, filed and paid. The final returns and the payment of any additional tax are awaiting the outcome of this lawsuit. There are no claims or lawsuits against the estate except the present one. Mrs. Roberts is the surviving spouse and the sole and only beneficiary and devisee under the Will of Aubrey J. Roberts, Deceased. Cora T. Roberts in her capacity as Executrix is merely a nominal party. The real party at interest in this lawsuit is Cora T. Roberts in her individual capacity."

Appellee's motion *in limine,* which was sustained by the trial court, asked that appellant and his attorney be instructed not to testify as to any transactions with appellee's testator Aubrey J. Roberts, as being prohibited by the said article 3716, which provides that in actions by or against heirs and legal representatives of decedents neither party shall be allowed to testify to transactions with or statements by the decedent.

Appellant offered testimony which, had it not been excluded, would have been that appellant and Roberts were both practicing attorneys; that Roberts associated appellant to assist him in the prosecution of a suit to recover the tract of land in question for Roberts' client, one C. E. Hill; that when the case was won Hill conveyed an undivided half interest in the land to appellant and Roberts as their fee; that Roberts told appellant he would negotiate for the purchase of Hill's remaining one-half interest in the land in question at a purchase price to be paid in equal portions by appellant and Roberts, but that, although appellant agreed to this and offered to pay his half of the purchase price, Roberts took title in his own name and thus breached the oral agreement between them.

In her answer appellee stated that she had never disputed appellant's ownership of an undivided 25 per cent interest in the tract of land, but that she was the sole owner of the remaining 75 per cent.

Appellant relies heavily on Pugh v. Turner, 145 Tex. 292, 197 S.W.2d 822, 172 A.L.R. 707 (1946). In that case, Mrs. Turner, suing individually and as independent executrix of the will of her former husband J. H. Scott, sought recovery on two promissory notes executed by Pugh. Pugh defended on the ground that Scott in his lifetime had agreed that if Pugh would pay him the proceeds of the sale of the mortgaged property this would be accepted in full payment of the notes. It was held that article 3716 was inapplicable because the estate had been fully administered, all debts having been paid and all gifts under the will delivered, also because more than a year had elapsed from the time of qualification of the executrix.

The Pugh case is not controlling here for several reasons. In the first place, in *Pugh* it was shown beyond dispute, and the court found, that the estate had been fully administered, that all debts were paid and all gifts under the will delivered. This was not true in the case at bar, as

will be fully shown later in this opinion. In the second place, the holding in *Pugh* (and other cases relied on by appellant) of a presumption that administration terminated at the expiration of one year is inapplicable since the adoption of the Probate Code, which became effective January 1, 1956. No such presumption now exists. Sections 151 and 152 of the Probate Code provided for the first time a statutory means and authority for closing independent administrations, and in Bradford v. Bradford, 377 S.W.2d 747 (Tex.Civ. App., Texarkana 1964, writ ref'd n. r. e.), it was said:

"Prior to the present Probate Code an independent administration, according to the law, considered the estate as closed after one year. Jones v. Jimmerson, Tex.Civ.App., 302 S.W.2d 161. Now, an independent administration is not closed at the expiration of one year, nor until the independent executor, or someone interested in the estate, filed the necessary pleadings and asks the county court to declare the administration closed. Secs. 151 and 152, Probate Code."

We made a similar holding in Moore v. Vines, 461 S.W.2d 642, 651 (Tex.Civ.App., Dallas 1970, reversed on other grounds 474 S.W.2d 437).

■ In the third place, in *Pugh* the executrix was the plaintiff and the defendant had filed a sworn denial of her right to recover in her capacity as executrix. In the case at bar, the executrix was the defendant and appellant in a supplemental petition alleged under oath that appellee was not entitled *to defend* the suit as executrix, the estate having been fully administered, that appellee in her capacity as executrix was merely a nominal party, the real party being appellee in her individual capacity. He argues that this placed upon her the burden of both pleading and proving the facts necessary to show that the administration of the estate was still open. We know of no rule or statute to that effect. Appellant could

have been in no doubt as to appellee's position that the administration was still open and that in her capacity as executrix she was at least a party to the issue, for which reason article 3716 was applicable. Appellant was not entitled to compel her to plead her evidence in detail. The various discovery methods, such as depositions, interrogatories, and request for admissions, as well as exceptions to her pleadings, were available to him for that purpose. See Commerce Realty Co. v. McElvey, 250 S.W.2d 931, 934 (Tex.Civ.App., San Antonio 1952, writ ref'd n. r. e.).

■ Subdivision (c) of Rule 93, Vernon's Texas Rules of Civil Procedure, does provide *inter alia* that a pleading setting up "that the defendant is not liable in the capacity in which he is sued," shall be verified by affidavit. Appellant argues thereunder that since appellee did not deny under oath her liability in her individual capacity (that being the only capacity in which she was sued after the filing of appellant's First Trial Amendment) the trial court erred in admitting evidence of a necessity for further administration. We do not agree. In the first place, appellant failed to direct the trial court's attention to any claimed defect, omission or fault in appellee's pleading and in our opinion thus waived the right to complain. Rule 90, T.R.C.P. He will not be heard to raise the objection, as he attempts to do here, for the first time on appeal.

■ Moreover, appellee was in no position to file such a verified plea. If appellant was entitled to recover at all, he was entitled to recover against appellee in both capacities, since she was sole beneficiary under her husband's will. Her denial, or failure to deny, that she was liable in her individual capacity would have no effect on the main issue before the court; i. e., the correctness *vel non* of her position that she was in truth a "party" in her representative capacity. Appellant had originally sued her in both capacities; she filed a counterclaim against appellant in both ca-

pacities and this pleading was before the trial court at the time her motion *in limine* was sustained, although it was later, during the trial, nonsuited without prejudice.

 Furthermore, the applicability of the Dead Man's Statute is not limited to parties specifically named in the pleadings as such. It applies also to "parties to the issue"; i. e., persons enumerated in the statute (executors, administrators, guardians, heirs, and legal representatives) who are not named but who may have or claim an actual and direct interest in the matters litigated which pertain to the deceased or his estate. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, 294 (1944). See also Southworth v. Clark, 411 S.W.2d 62 (Tex.Civ.App., Waco 1967, writ ref'd n. r. e.); Graves v. Moon, 92 S.W.2d 290 (Tex.Civ.App., Waco 1936, writ ref'd).

If appellee was under the burden of showing that the administration was still open it is our view that she carried this burden by producing ample evidence of the existence of unpaid debts and taxes, as well as claims owing to the estate. There was undisputed testimony of a number of outstanding claims against the estate, some of them in substantial amounts. Some of them are dependent upon the outcome of this suit, such as federal estate and state inheritance taxes, but others are not. For example, the estate's accountant will have a claim for his fee which could be as much as $10,000 or $12,000. The estate also owes attorneys' fees in a substantial amount, not only for services rendered in the defense of this suit, but also for services in the Probate Court; also a disputed claim of attorneys in Washington, D. C. There are also substantial sums owing to the estate, including appellant's own obligation in the sum of $1,729.84 for back taxes, mowing services and paving assessment on the undisputed one-fourth (¼) undivided interest which he owns in the land in question; also numerous attorney's fees earned by Roberts in his lifetime. In addition, there are other sub-stantial amounts owing to the estate, one of them being for between $25,000 and $50,000.

Under all the circumstances revealed by the record before us, we hold that the judgment was correct.

Affirmed.

GUITTARD, J., not sitting.