NO. 07-03-0540-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 18, 2005


______________________________



BILLIE J. PASLEY, 



 Appellant

v.



DENNIS PASLEY and BARBARA PASLEY-DAVIS, 



 Appellees

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 11,104; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Billie J. Pasley (Billie) appeals from a judgment after a jury verdict in favor
of appellees Dennis Pasley (Dennis) and Barbara Pasley Davis (Barbara) against Ralph
Pasley (Ralph) and Billie. (1) Through 14 issues, she complains that the trial court: 1) erred
in denying her second motion to recuse the Hon. Steven R. Emmert, 2) erred in continuing
trial with only 11 jurors without her consent, 3) erred in allowing a judgment to be rendered
against the Estate of Ralph Pasley when the Estate was not served with citation and did
not participate at trial, 4) erred in refusing special issues on contributory negligence and
laches, 5) erred in refusing to grant her motions to disregard jury findings, 6) erred in
refusing to grant her motion for judgment notwithstanding the verdict, 7) abused its
discretion "in voicing ex parte interruptions" of her counsel's closing argument, 8) erred in
refusing to admit evidence of financial activity between R. J. Pasley Construction Company
and Dennis and Barbara, 9) erred in allowing the testimony of Jerry Bob Jernigan, 10) erred
in refusing to admit evidence of credits she was entitled to on a life insurance policy of
Ralph, 11) erred in refusing to admit evidence of gifts made to Barbara "by Ralph Pasley
from R. J. Pasley Construction, Inc.," and 12) erred in stating that it would restrict evidence
offered by the defense because trial was running behind schedule. We affirm the judgment
of the trial court.

Background


 Ralph Pasley was married to Helen Marie McCoin Pasley. Barbara and Dennis were
their two children. Helen died in 1989 leaving a will which established two testamentary
trusts. Ralph was named executor of the estate and trustee of the two trusts. Dennis and
Barbara were beneficiaries under the trusts and substitute trustees of the trusts. Prior to
Helen's death, Ralph began a relationship with Billie. He also purchased a ladies store in
Shamrock for Billie and her daughter. After Helen's death, Ralph and Billie married. When
Ralph died in 2001, he left the majority of his estate to Billie. 

 Dennis and Barbara filed a lawsuit for breach of fiduciary duty by Ralph and
conspiracy by Ralph and Billie. The jury found that 1) Ralph did not comply with his
fiduciary duties to Dennis and Barbara and willfully committed such acts, 2) Billie conspired
with Ralph by knowingly participating and benefitting in Ralph's failure to comply with his
fiduciary duties, 3) various properties were acquired in part by funds commingled as a
result of Ralph's failure to perform his fiduciary duties or from rollovers of earlier property
affected by Ralph's failure to comply with those same duties, and 4) Dennis and Barbara
had no reason to know prior to September 14, 1997, that Ralph had repudiated Helen's
trusts. The jury entered a verdict favoring Dennis and Barbara, and judgment was entered
upon that verdict. 

Issue 1 - Recusal


 Billie claims in her first issue that the trial court erred in denying her motion to recuse
Judge Steven R. Emmert. We overrule the issue for the following reasons.

 She initially contends that the Texas Constitution prohibits a judge from sitting in any
case in which he may have a pecuniary or personal interest in the outcome. Billie mentions
no pecuniary interest which the judge may have in the outcome. So, that cannot be used
as a ground warranting recusal.

 Second, as for his alleged personal interest in the outcome, she cites to actions
undertaken by the judge while in private practice. They include suing a corporation in
which Ralph was an officer, holding funds in escrow for Ralph, writing title opinions
covering property sold by Ralph and Billie, and expressing "personal upset that a prior
motion [to recuse] had been filed." Billie conceded at the hearing upon her motion that
there was no one item that would justify a motion to recuse; however, she argued that the
trial court should consider the totality of the circumstances. 

 The trial court found, and we agree, that ownership of real estate is a matter of
public record and there is no showing that Judge Emmert had gained specialized
knowledge through his title work on any matter at issue in the case at bar. Nor does Billie
attempt to explain how Emmert's assistance in legal matters distinct from the current
controversy prejudiced Emmert against her.

 Further, the escrow account held on behalf of Ralph by the title company of Emmert
while in private practice merely evinced a business relationship which did not require
recusal. See Woodruff v. Wright, 51 S.W.3d 727, 737-38 (Tex. App.--Texarkana 2001, pet.
denied) (holding that evidence a surgeon operated on the judge's mother several years ago
and officiated as a substitute at the surgeon's wedding showed a mere business
relationship or acquaintanceship between the judge and surgeon which did not require
recusal in a medical malpractice lawsuit). Similarly, Judge Emmert did represent two
employees of the R. J. Pasley Construction Company as beneficiaries of the company's
defined benefit plan and trust against Ralph in 1994. But, there was no showing that he
gained "personal knowledge of disputed evidentiary facts" involving the current case. Nor
does the representation of those employees indicate that he had some bias against either
Ralph or Billie, especially when she fails to describe the extent of Ralph's personal
involvement in the suit and whether any acrimony developed between Ralph and Emmert.

 As to the complaints of bias or impartiality based on Judge Emmert's comment that
he was angry due to a prior recusal motion having been filed after he denied Billie's motion
for summary judgment, Billie's counsel admitted that he did not file the motion until the
Thursday prior to a Monday trial setting. Moreover, by the time the motion had been filed,
jurors had already been notified to report for service. It would take extra work to notify
them that they need not report. Counsel also admitted he could understand why Emmert
would be unhappy about that situation. 

 Opinions formed by a judge on the basis of facts introduced or events occurring
during the proceedings do not constitute a basis for recusal unless they display deep-seated favoritism or antagonism that would make a fair trial impossible. Ludlow v. DeBerry,
959 S.W.2d 265, 281(Tex. App.--Houston [14th Dist.] 1998, no pet.). The alleged bias in
this instance occurred during the course of the proceeding. Further, the judge's alleged
remark does not show deep-seated favoritism or antagonism so as to make a fair trial
impossible. Indeed, it simply evinced reasonable frustration experienced by a judge when
a litigant undertakes a belated course of conduct to disrupt the progression of a suit after
discovering that the judge may not side with the litigant on particular matters. 

 In sum, none of the alleged grounds for recusal were sufficient to warrant recusal. 
Further, Billie cites to no cases, and we have found none, which indicate that we may
consider the totality of all the alleged grounds when none of them individually are sufficient. 
Therefore, we hold that the trial court did not abuse its discretion in refusing to grant the
second motion to recuse Judge Emmert. 

Issue 2 - 11 Jurors


 In her second issue, Billie contends that the trial court erred in proceeding with trial
with only 11 jurors. We overrule the issue.

 After trial began and testimony had been heard, the trial court noted that a juror had
been seated who had been previously struck by Billie. At that time, counsel for Billie
indicated that Billie had already mentioned that fact to him. However, her counsel had
made no objection prior to the court raising the subject. The court later stated on the
record that trial would proceed by agreement with 11 jurors. Though the record does not
reflect that Billie agreed to so proceeding, it nevertheless illustrates that the trial continued
with only 11 jurors. Additionally, nothing indicates that Billie voiced objection to that. 

 To preserve a complaint for appellate review, the record must show the complaint
was made to the trial court by a timely request, objection, or motion that stated the grounds
for the ruling sought with sufficient specificity to make the trial court aware of the complaint. 
Tex. R. App. P. 33.1(a)(1)(A). Since the record does not disclose that Billie objected to the
trial court's decision to continue with only 11 jurors, she neither complied with Rule
33.1(a)(1)(A) nor preserved the complaint for review. See In re Lynch, 35 S.W.3d 162, 166
(Tex. App.-- Texarkana 2000, no pet.) (holding that the right to a 12-person jury was waived
when a jury of six was impaneled without objection); Dickson v. J. Weingarten, Inc., 498
S.W.2d 388, 391 (Tex. Civ. App.--Houston [1st Dist.] 1973, no writ) (holding that because
the appellant did not object to the trial proceeding with 11 jurors, the plaintiff waived his
right to object on appeal).

Issue 3 - Failure to Join the Estate


 In her third issue, Billie contends that the trial court had no personal jurisdiction to
render its judgment against Ralph because the Estate of Ralph J. Pasley was never named
in or served with the original petition. Nor did it participate at trial. We overrule the issue. 

 Billie admits that "[i]n the documents appointing him as Independent Executor of the
Estate of Ralph J. Pasley[,] Mr. Kessie did agree to be bound by the decision of the Court
in this matter." Given this agreement and the fact that Billie is not the independent executor
of Ralph's estate, we conclude that she lacks standing to complain of the purported defect.

Issues 4 and 5 - Contributory Negligence and Laches 


 Billie alleges in her fourth and fifth issues that the trial court erred in refusing to
submit to the jury special issues on contributory negligence and laches. We overrule the
issues.

 A trial court must submit questions, instructions, and definitions raised by the written
pleadings and the evidence. Tex. R. Civ. P. 278. Additionally, the failure to submit an issue
is not basis for reversal unless its submission in substantially correct wording has been
requested in writing and tendered by the party complaining of the judgment. Id.; Barnett
v. Coppell North Texas Court, Ltd, 123 S.W.3d 804, 824 (Tex. App.-Dallas 2003, pet.
denied); Doe v. Mobile Video Tapes, Inc., 43 S.W.3d 40, 50 (Tex. App.-Corpus Christi
2001, no pet.). Merely dictating the issue into the record does not suffice. Jarrin v. Sam
White Oldsmobile Co., 929 S.W.2d 21, 25 (Tex. App.-Houston [1st Dist.] 1996, writ denied). 
While Billie objected to the court's charge and dictated her proposed questions into the
record, we find no separate written request for those questions in the record. 
Consequently, she failed to preserve the alleged error for review. 

Issues 6 and 8 - Jury Finding on Discovery of Breach of Duty


 Billie claims in her sixth issue that the trial court erred in failing to grant her motion
to disregard the jury's finding that Dennis and Barbara did not know and should not have
known that their father was breaching his fiduciary duty to them before September 14,
1997. Similarly, she argues in her eighth issue that the trial court should have granted
judgment notwithstanding the verdict because Dennis and Barbara knew or should have
known that their father was disposing of their trust property. We overrule the issues.

 According to Billie, the evidence showed that before 1997, Ralph was conveying
property as Independent Executor of the Estate of Helen Pasley and as trustee of the
testamentary trusts. And, because those deeds were a matter of public record, Dennis and
Barbara purportedly had constructive notice of his misconduct. Yet, the record also
illustrates that the will through which the trust was created granted Ralph, as trustee and
executor of the estate, the authority to sell and otherwise convey both the personalty and
realty comprising the estate and trust corpus. Ralph having that power, we are left to
wonder how conveying property by one authorized to do so places others on notice of
misconduct. Billie does not explain that in her brief. Nor are we willing to say that it does
as a matter of law, as she would have us do.

Issue 7 - Jury Finding on Conspiracy


 In her seventh issue, Billie challenges the trial court's failure to grant her motion to
disregard that jury finding wherein she was found to have conspired with Ralph in
committing the breaches of fiduciary duty involved. We overrule the issue.

 The elements of a civil conspiracy are: 1) two or more persons, 2) an object to be
accomplished, 3) a meeting of the minds on the object or course of action, 4) one or more
unlawful, overt acts, and 5) damages as a proximate result. Trostle v. Trostle, 77 S.W.3d
908, 915 (Tex. App.-Amarillo 2002, no pet.). The jury answered affirmatively to the
question: "Did Billie J. Pasley conspire with Ralph J. Pasley by knowingly participating in
and benefiting [sic] from Ralph J. Pasley's failure to comply with his fiduciary duties to
Dennis Pasley and Barbara Davis and was Billie J. Pasley's participation, if any, a
proximate cause of the damages you have found?" Though she did not object to the
wording or form of this question, Billie now asserts that there is not a scintilla of evidence
of an object to be accomplished by the parties nor of a meeting of the minds on the object
or course of action. 

 A conspiracy may be established by circumstantial evidence. Lesikar v. Rappeport,
33 S.W.3d 282, 302 (Tex. App.-Texarkana 2000, pet. denied). An agreement between
parties on a course of action need not be formal but may be tacit. J.T.T. v. Tri, 111 S.W.3d
680, 684 (Tex. App.-Houston [1st Dist.] 2003), rev'd on other grounds, 162 S.W.3d 552
(Tex. 2005). It is also not essential that each conspirator have knowledge of the details. 
Id. Additionally, inferences of concerted action may be drawn from participation in the
transactions and from the enjoyment of the fruits of the transactions. Id.; Lesikar v.
Rappeport, 33 S.W.3d at 302, citing International Bankers Life Ins. Co. v. Holloway, 368
S.W.2d 567, 581-82 (Tex. 1963). 

 Here, evidence showed that Ralph never set up separate bank accounts for the
estate or the trusts but commingled the funds in his own bank account. (2) Further, after he
married Billie, his account was made a joint one with her. She also joined in a deed
conveying part of the trust property which Ralph signed individually and as trustee with the
proceeds going into their joint account. Additionally, Billie's son earned a fee of $11,000
on the sale of that property. 

 Moreover, other evidence depicts that Billie wanted Ralph to purchase a property
known as "the Fain" residence even though he had already deeded to her the house on
South Main Street in which they lived. The Fain residence was purchased and deeded to
Billie in 1994 as her separate property. Billie's daughter then lived in the South Main Street
home without rent. Around the time of Ralph's death, Billie, who was the sole heir of the
joint bank account under Ralph's will, transferred $153,000 from their joint account to her
separate account. Although some of the money was replaced in the joint account, some
was not. Billie's son and daughter additionally received payments of $6000 and $19,308.43
respectively from the joint account of Ralph and Billie for which there is no evidence that
it was ever repaid. Moreover, within a month after Ralph's death, Billie changed the
beneficiaries on one of the annuities (which the jury found had been acquired with
commingled funds) from Dennis and Barbara to her own children. The jury could infer from
this evidence that Billie knowingly participated in the financial transactions involving
commingled funds and benefitted from them. This, in turn, would allow it to reasonably
infer that she was part of a conspiracy.

Issue 9 - Interruption of Argument


 As her ninth issue, Billie complains of the trial court's sua sponte interruption of her
closing argument. We overrule the issue.

 Assuming arguendo that a trial court lacks the authority to correct what it perceives
to be a misrepresentation of the record, Billie did not object to the purported interference. 
Instead, her counsel apologized to the court. Given the lack of an objection, she did not
preserve her complaint. See Tex. R. App. P. 33.1(a)(1)(A) (requiring a contemporaneous
objection to preserve a complaint for appellate review).

Issues 10, 13, and 14 - Financial Activity of Construction Company


 By way of her tenth, thirteenth, and fourteenth issues, Billie contends the trial court
erred in excluding evidence of payments of monies being given by R. J. Pasley
Construction Company (a corporation) to Dennis and Barbara. The evidence was excluded
because it was deemed irrelevant. However, Billie believed that it tended to show that
"trust money was being spent" improperly by Ralph, and that "would have put them on
notice and triggered the Statute of Limitations . . . ." So too was it evidence that neither
child was being "deprived" of trust property, according to her. We overrule the issues.

 The suit initiated by Barbara and Dennis concerned the fiduciary duties imposed
upon Ralph due to his positions as executor of his dead wife's estate and as trustee of the
two testamentary trusts she created. While one or more of the trusts apparently owned the
stock of the construction company, Billie does not deny that the gifts and monies in
question actually belonged to the corporation. Nor does she argue that the relationship
between the corporation and trusts was such that the distinct entities were actually one and
the same for purposes of asset ownership. Nor can we forget that a corporation is
recognized as an entity distinct from those who own its stock. Pabich v. Kellar, 71 S.W.3d
500, 507 (Tex. App.-Fort Worth 2002, pet. denied). In other words, stockholders do not
personally own the individual assets of the corporation. In re Marriage of Thurmond, 888
S.W.2d 269, 279-80 (Tex. App.- Amarillo 1994, writ denied). Given this, we cannot say
that the trial court abused its discretion in concluding that payments or gifts made by the
corporation to Barbara and Dennis were irrelevant to the issue of whether Ralph breached
his fiduciary duties arising from his status as executor of the estate and trustee of the
trusts.

 Nor can we say that the trial court erred when it told Billie that it was going to "call[]
irrelevance objections real close" and that it was "going to start narrowing this thing [the
presentation of irrelevant evidence] down." We know of no authority that obligates a trial
court to admit irrelevant evidence, and Billie cites us to none. 

Issue 11 - Evidence in Violation of Dead Man's Rule


 In her eleventh issue, Billie argues that the trial court erred in "allowing the testimony
of Jerry Bob Jernigan in violation of the Dead Man's Statute," that is, Texas Rule of
Evidence 601(b). We overrule the issue.

 Jernigan was not a party to the suit, and Billie fails to contend that he had an interest
in the claims being litigated. This is fatal to her complaints since Rule 601(b) applies to the
testimony of a party, Tex. R. Evid. 601(b) (stating that neither "party shall be allowed to
testify against the others as to any oral statement by the testator, intestate or ward . . .");
accord, Adams v. Barry, 560 S.W.2d 935, 937 (Tex. 1978) (so stating), or a person having
an actual and direct interest in the matter being litigated. Tuttle v. Simpson, 735 S.W.2d
539, 542-43 (Tex. App.-Texarkana 1987, no writ); Ford v. Roberts, 478 S.W.2d 129, 133
(Tex. Civ. App. - Dallas 1972, writ ref'd n.r.e).

Issue 12 - Evidence of Credits


 Finally, Billie complains of the trial court's failure to allow evidence of credits she is
allegedly entitled to for maintenance of a life insurance policy on Ralph which was part of
the assets of the trusts. We overrule the issue.

 The argument proffered before us is founded upon §230 of the Texas Probate Code. 
That provision obligates an executor or administrator to care for the property of the estate. 
Tex. Prob. Code Ann. §230 (Vernon 2003). Yet, nothing was said at trial about §230 or
that it implicitly obligated Ralph to purchase life insurance to further his duties as trustee
or executor. Given that the grounds for objection uttered below do not comport with those
made here, Billie did not preserve her claim for review. Moser v. Davis, 79 S.W.3d 162,
169 (Tex. App.--Amarillo 2002, no pet.) (holding that the grounds supporting an objection
asserted below must comport with those raised on appeal). 

 Having overruled each issue raised by Billie, we affirm the trial court's judgment.


 Brian Quinn 

 Chief Justice
1. Ralph Pasley is now deceased.
2. The jury found that three homes, various annuities, an IRA account, two vehicles, a farm account at
National Bank of Commerce, and the joint checking account were all acquired with commingled funds. This
finding has not been challenged on appeal. 



reement, appellant pled
guilty to the offense, and the trial court deferred the adjudication of his
guilt and placed him on community supervision for ten years.  Subsequently, the State moved the trial court
to proceed with the adjudication of appellants guilt.  Appellant pled not true to the alleged
violations of the terms of his community supervision, and the trial court held
a hearing.  Upon completion of the
hearing, the trial court adjudicated appellant guilty and sentenced him to
eight years in prison.  The trial court
certified that appellant had the right to appeal.       

            Appellants counsel has now moved to
withdraw, after filing a brief pursuant to Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she has
searched the record and found no arguable grounds for reversal.  The motion and brief illustrate that
appellant was informed of his right to review the appellate record and file his
own brief.  So too did we inform
appellant that any pro se response or brief he cared to file had to be
filed by January 19, 2010.  To date,
appellant has filed no such
response or brief.  

            In compliance with the principles
enunciated in Anders, appellate counsel discussed three potential areas
for appeal, those being the sufficiency of the evidence to support a conviction
for robbery, the finding he had violated conditions of his probation, and the
admission of a voice mail message to his probation officer.  However, counsel goes on to explain why the
issues are without merit.   

            We
have also conducted an independent review of the record to determine whether
there existed reversible error and found none. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)
(requiring us to conduct an independent review from or prior to the plea
hearing).  The evidence presented at the
adjudication hearing was sufficient to support the trial courts finding that
appellant had violated terms and conditions of his probation.  Furthermore, the punishment assessed was also
within the range prescribed by law.  Tex. Penal Code Ann. §§29.02
&12.33(a) (Vernon 2003 & Supp. 2009).

            Accordingly, we grant counsels
motion to withdraw and affirm the judgment of the trial court.

 

Brian Quinn

                                                                                  Chief Justice

 

Do not
publish.